NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

_____
:
TATIANA VELEZ,                                  :
:
           Plaintiff,              :    Civil Action No. 09-1418 (JAP)
   v.                                          :
:    **OPINION**
B. PITTMAN, et al,                             :
:
           Defendants.            :
_____ :

PISANO, District Judge:

Presently before the Court is defendants Pittman, Baylor, and Alvarez's[1] Motion to Dismiss plaintiff Tatiana Velez's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. Defendants' motion is granted in part and denied in part, without prejudice, and Defendants may seek summary judgment on the remaining claims after discovery has been completed.

I. Background[2]

Pittman, a corrections officer who works on the second shift at the New Jersey State Prison ("NJSP"), removed Velez, an inmate at NJSP, from her cell to question her about the corrections officers working on the first shift as part of a workplace dispute between officers working on the first and second shifts at NJSP. Velez refused to provide Pittman with any information regarding the officers on the first shift. Velez has been threatened, assaulted, and

---

[1] Plaintiff has consented to the dismissal of all claims against defendants Alvarez and Gouvouniohs, who is not a party to this motion. Both defendants are accordingly dismissed from this action without prejudice.

[2] Unless otherwise noted, all facts are taken from Plaintiff's Complaint, First Amended Complaint, and Second Amended Complaint. In addressing Defendants' Motion to Dismiss, the Court must accept as true the allegations contained in the Complaint. *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003); *Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1301 (3d Cir. 1996). Accordingly, the facts recited herein are taken from the Complaint, First Amended Complaint, and Second Amended Complaint and do not represent this Court's factual findings.

denied food since refusing to provide Pittman with information about first shift corrections officers.

On the evening of March 17, 2009, Pittman and Corrections Officer Baylor told Corrections Officer Gouvouniohs that Velez needed sanitary napkins and asked Gouvouniohs to open Velez's cell door. After Gouvouniohs opened Velez's cell door, Pittman and Baylor entered Velez's cell and threw a pitcher of cold water in her face. Pittman then struck Velez in the face with the empty pitcher. After striking Velez with the empty pitcher, Pittman and Baylor punched, kicked, and dragged Velez.

Velez filed a *pro se* complaint in this Court on March 22, 2009 pursuant to 42 U.S.C. § 1983 alleging that the defendants' conduct violated her Eighth Amendment right to be free from cruel and unusual punishment. Since that time, she has been subjected to continuing retaliation. On July 22, 2009, Corrections Officer Horne[3] assaulted Velez as she was returning from the yard. Horne twisted Velez's wrist and banged her head into a wall. Pittman encouraged Horne during the assault. Later that day, Pittman and Horne appeared outside of Velez's cell and told her to drop her lawsuit and threatened to make her drop it if she refused. On August 4, 2009, Pittman again assaulted Velez and threatened her if she did not drop her lawsuit.

II. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. Recently, the Supreme Court refashioned the standard for addressing a motion to dismiss under Rule 12(b)(6). *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 562 (2007). The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule

---

[3] Corrections Officer Horne is not a defendant in this case.

12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* at 555 (internal citations omitted); *see also Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]." (internal quotation marks omitted)). Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)..." *Twombly*, *supra*, 550 U.S. at 555 (internal citations and footnote omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombley*, *supra*, 550 U.S. at 570.) This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Fowler v. UPMC Shadyside*, 2009 WL 2501662, *5 (3d Cir. August 18, 2009) (citations omitted). It should be noted, however, that *pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Mitchell v. Horn*, 318 F3d 523, 529 (3d Cir. 2003).

In their moving papers, Defendants not only seek to dismiss Plaintiff's action pursuant to Federal Rule of Civil Procedure 12(b)(6), they also seek summary judgment pursuant to Federal Rule of Civil Procedure 56. Defendants have submitted documents and affidavits in support of their motion for summary judgment. The instant motion was filed in lieu of an answer and Plaintiff has had no opportunity for discovery; therefore, entering summary judgment in favor of the defendants would be inappropriate at this stage of the proceeding. *See Harvey v. Campbell*, 2007 WL 2893193, *3 (D.N.J. Sept.28, 2007) (citing *Alvi v. Phila. Health Servs.*, 1999 U.S. Dist. Lexis 12404, *3 (E.D. Pa. Aug. 12, 1999)). Accordingly, this Court shall disregard the affidavits and documentary evidence submitted by Defendants and shall treat the instant motion solely as a motion to dismiss.

III. Discussion

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).[4]

"[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks omitted). Two elements, one subjective and the other objective, must

---

[4] Defendants concede that they were acting under color of state law.

4

be met in order to establish that an officer's conduct violated the Eighth Amendment prohibition against cruel and unusual punishment. *Hudson v. McMillian*, 503 U.S. 1, 7-8 (1982). The subjective element requires a showing that the officer acted wantonly under the circumstances. *Wilson v. Seiter*, 501 U.S. 294, 299 (1991). When determining whether an officer acted wantonly, a court must ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, *supra*, 503 U.S. at 7. The objective component requires a showing that the complained of conduct violated "contemporary standards of decency." *Id.* at 8-9. In the context of an excessive force claim, the Supreme Court has held that "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Id.* at 9.

Velez's pleadings allege that Pittman and Baylor violated her Eight Amendment right to be free from cruel and unusual punishment by physically assaulting her in retaliation for refusing to provide information about other corrections officers, and that Pittman assaulted her in retaliation for filing the instant action. The allegations in Velez's Complaint, First Amended Complaint, and Second Amended Complaint are sufficient to show an entitlement to relief. There is no legitimate penological justification for the use of force under the circumstances described by Velez, indicating that the defendants acted in a wanton manner when they assaulted her. *Hope v. Pelzer*, 536 U.S. 730, 737 (2002) ("Among unnecessary and wanton inflictions of pain constituting cruel and unusual punishment forbidden by the Eighth Amendment are those that are totally without penological justification."). The Supreme Court has held that "maliciously and sadistically" applied force always violates contemporary standards of decency. The Court finds that both elements are satisfied, and therefore, Defendants' Motion to Dismiss and for Summary Judgment is denied with respect to Velez's allegations of excessive force.

The Eighth Amendment prohibition on the infliction of cruel and unusual punishment requires prison officials to provide humane conditions of confinement. The Constitution, however, "does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), and prison officials must merely ensure that inmates receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). Velez alleges that she has been subjected to verbal threats from Pittman and Baylor. Verbal threats are not cognizable under 42 U.S.C. § 1983, and therefore, to the extent that Velez's complaint alleges that her Eighth Amendment right to be free from cruel and unusual punishment has been violated by Pittman and Baylor's verbal threats, those claims are dismissed with prejudice. *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979). Velez also alleges that Pittman and Baylor deprived her of food "a few times." Although the Court does not condone such behavior, it finds that being deprived of food on a few occasions does not rise to the level of a constitutional violation; therefore, Velez's claim that she has been deprived of food "a few times" is dismissed with prejudice. *See Famer*, *supra*, 511 U.S. at 832.

Defendants argue that Velez's complaint must be dismissed because they are entitled to qualified immunity. This Court disagrees. The Supreme Court has stated that "qualified immunity operates 'to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful.'" *Hope*, *supra*, 536 U.S. at 739 (quoting *Saucier v. Katz,* 533 U.S. 194, 206 (2001)). Qualified immunity may be invoked when an officer's "constitutionally impermissible conduct . . . did not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id.* (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, (1982)). Here, Velez alleges that Pittman and Baylor violated her Eighth Amendment right to be free from cruel and unusual punishment when they assaulted her in retaliation for refusing to

6

assist them in a dispute with their fellow officers, and when Pittman assaulted her in retaliation for filing this lawsuit.  It is clearly established that the Eighth Amendment prohibits officers from causing harm to the inmates under their control in the absence of a legitimate penological justification.  *See Hudson*, *supra*, 503 U.S. at 7-9; *Hope*, *supra*, 536 U.S. at 737.  Further, a reasonable corrections officer would know that the actions alleged in Velez's complaint violate a clearly established constitutional right.  The Court concludes that Pittman and Baylor were both on notice that their conduct was unlawful, and therefore, they may not avail themselves of the protection of qualified immunity.

IV.  Conclusion

     Defendants' Motion to Dismiss and for Summary Judgment is granted in part, and denied in part for the reasons set forth above.  An appropriate order accompanies this Opinion.


                                           /s/  JOEL A. PISANO_____

                                           United States District Judge

Dated:  June 14, 2010